**UNITED STATES of America,**
**Appellee,**

v.

**Troy Mitchell TODD, Jr., Appellant.**

**No. 01–3088.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 19, 2002.

Decided May 7, 2002.

Beverly G. Dyer, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was A. J. Kramer, Federal Public Defender.

Lisa H. Schertler, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were Roscoe C. Howard, Jr., U.S. Attorney, John R. Fisher, Elizabeth H. Danello, and Daniel J. Bernstein, Assistant U.S. Attorneys.

Before: SENTELLE, HENDERSON and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge TATEL.

TATEL, Circuit Judge:

Twenty years ago, a federal grand jury in the District of Columbia indicted appellant Troy Mitchell Todd for various drug offenses. Extradited from Australia after fleeing the country, Todd pleaded guilty to one count of drug trafficking conspiracy and one count of possession with intent to distribute cocaine. The district court imposed two concurrent five to fifteen-year sentences, followed by a three-year term of "special parole" (the pre-Sentencing Guidelines term for "supervised release") on the possession-with-intent-to-distribute

count, and concurrent fines of $1000 and $5000. Todd did not appeal. Years later, following his release from prison, Todd had another run-in with the law, this time in Florida, where he again pleaded guilty to federal drug offenses. Due to the District of Columbia conviction, his Florida sentence was doubled.

Proceeding pro se in the district court here, Todd then filed a section 2255 motion to vacate the District of Columbia conviction and sentence. *See* 28 U.S.C. § 2255 (setting forth procedures for collateral attack on federal criminal conviction). Among other things, he claimed his trial counsel failed to advise him of his right to appeal. With the Government's consent, the district court held the section 2255 motion in abeyance. Then, finding that Todd's lawyer had in fact failed to advise him of his right to appeal, the district court resentenced Todd so that he could file a timely appeal. *See* FED. R. APP. P. 4(b) (requiring criminal defendant to file a notice of appeal within 10 days of judgment). We vacated the new sentence and remanded for reconsideration in light of *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), which held that defense counsel's failure to file an appeal is not per se ineffective assistance but instead must be analyzed under the two-prong test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Flores–Ortega,* 528 U.S. at 478, 120 S.Ct. at 1035. Applying *Strickland,* the district court found defense counsel ineffective, again resentencing Todd. This appeal followed.

Echoing the claims in his still-pending section 2255 motion, Todd seeks vacatur of his plea due to: (1) errors by the district court in conducting the plea colloquy, *see* FED. R. CRIM. P. 11, and at his original sentencing; (2) Government coercion of his plea; (3) ineffective assistance of trial

counsel; and (4) the court reporter's failure to prepare a transcript of the plea hearing or file her original notes with the court, in violation of the Court Reporter Act, 28 U.S.C. § 753(b), and Federal Rule of Criminal Procedure 11(g). Making matters worse as to this last claim, the court reporter is now deceased, and the plea agreement, though docketed, is missing from the record. The Government's files, which presumably once contained a copy, have been destroyed. (The Government represents, and Todd does not dispute, that the Government followed its standard records retention policy.)

In the interim between Todd's first and second resentencing, and acting pursuant to order of this court, the district court—presided over by the judge who conducted the plea—attempted to reconstruct the plea hearing record. *See* FED. R. APP. P. 10(c) (providing for a statement of the evidence when a transcript of the proceedings is unavailable). In an affidavit submitted to the district court, Todd recalled that "at no time did the subject of Special Parole come up," nor was he "advised by the court ... of the essential elements of the second of the two counts [i.e., possession with intent to distribute]." He could not, however, "say with certainty anything else concerning the particulars of the plea-hearing." The district judge's notes of the plea proceeding list the counts to which Todd pleaded—"pleas to counts 1 + 3 .... 2–15 year offenses plus $25K fines or both." The judge also had a copy of a ten-page plea colloquy "script" he has followed since before Todd's plea. Neither the prosecutor nor defense counsel could remember the details of anything said at the plea hearing. In the end, the district court found reconstruction of the hearing record "impossible." Order of the United States District Court for the District of Columbia (Dec. 9, 1999) (No. 82–339–01).

On appeal, Todd and the Government agree that some claims can be resolved on the existing appellate record, but that other claims require further factual development. The parties do not entirely agree, however, on which claims fall into which category, or on the method by which additional factual development should occur. If we do not vacate the plea, Todd urges us to remand the record in this case (i.e., his appeal) to the district court for evidentiary proceedings. The Government prefers that we hold the appeal in abeyance and direct that Todd's section 2255 motion go forward, although in the alternative it concedes that remand would be appropriate.

We agree with the parties that many of Todd's claims rely at least in part on facts neither fully litigated nor part of the appellate record. For example, Todd alleges the Government coerced his plea by threatening: (1) to bring charges against his father and brother, *see Brady v. United States*, 397 U.S. 742, 750, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747 (1970) (obtaining "a plea by actual or threatened physical harm or by mental coercion overbearing the will of the defendant" violates due process); *United States v. Pollard*, 959 F.2d 1011, 1020–21 (D.C.Cir.1992) (setting out the test for determining whether " 'a prosecutor's offer during plea bargaining of adverse or lenient treatment for some person *other* than the accused' " constitutes coercion (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 n. 8, 98 S.Ct. 663, 668 n. 8, 54 L.Ed.2d 604 (1978))); and (2) to indict him, in violation of the "doctrine of specialty," for visa and income tax fraud even though he was not extradited to face such charges, *see United States v. Sensi*, 879 F.2d 888, 895 (D.C.Cir.1989) (explaining that the "doctrine of specialty" bars prosecution of a defendant for crimes other than those for which he was extradited). The former allegations depend on affidavits Todd's fa-

ther, mother, and brother submitted in the section 2255 proceeding. Although Todd's allegations regarding threatened visa and tax fraud charges find support in the existing record—the Government represented in pre-trial pleadings that it had investigated such charges and presented them to the grand jury, Todd's plea offer proposes that he not be prosecuted for such matters, and the presentence report indicates the Government ultimately promised not to do so—the Government has had no opportunity to submit evidence responding to these charges.

Todd's ineffective assistance claim likewise depends on facts missing from the record. Defense counsel had a conflict of interest, he alleges, because the lawyer also represented Todd's father and brother and, seeking to protect them from indictment, advised him to plead guilty. Todd also claims to have received deficient advice regarding sentencing, available legal and factual defenses, and the alleged threats against him and his family. Resolution of Todd's ineffectiveness challenge requires answers—found nowhere in the current record—to such questions as: Did defense counsel in fact represent conflicting interests? Was counsel's advice influenced by any such conflict or otherwise defective? Did deficient legal advice affect Todd's decision to plead guilty? *See Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980) (holding that a defendant must show his counsel "actively represented conflicting interests" and that the "conflict ... adversely affected his lawyer's performance" to prevail on a conflict-based ineffective assistance claim); *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985) (holding that, in order to prevail on an ineffective assistance claim, a defendant who pleads guilty must show a reasonable

probability that he "would have insisted on going to trial").

■ Not only does the record suffer from these and other gaps, but Todd's various claims overlap in quite significant ways. Consider the transcript claim, which Todd contends warrants vacatur on the existing record. The Government points out that this claim overlaps with Todd's claims of district court error, ineffective assistance of counsel, and prosecutorial abuse. Why? Because in determining whether failure to transcribe a proceeding warrants relief, we consider "the likelihood that reversible error occurred" during the unrecorded proceeding, and in considering that likelihood we factor in (but do not require per se) "the defendant's ability to allege specific prejudice arising out of an event in the missing portions" of the transcript. *United States v. Johnson,* 231 F.3d 43, 49–50 (D.C.Cir. 2000) (internal quotation marks and citation omitted). For example, any additional evidence of coercion that Todd produces could strengthen his claim that the district court failed in its Rule 11(d) duty to ensure that the plea was voluntary, which could in turn support his claim of "specific prejudice" in connection with the missing transcript. Evidence of coercion would likewise relate to his ineffective assistance claim.

■ Given these and other major gaps in the record, as well as the extent to which Todd's claims overlap, we think it unwise to resolve any claims at this stage of the proceedings. Instead, we will direct the parties (as both have suggested with respect to certain claims) to develop the record further in the district court. The only question, then, is whether this record development should occur in the section 2255 proceeding (as the Government recommends) or on remand (as Todd prefers, and the Government finds acceptable). Al-

though challenges that depend on facts not part of the record are normally addressed through section 2255 proceedings, we think the circumstances of this case justify remand to the district court. For one thing, where, as here, an ineffective assistance claim cannot be resolved on the current record, this circuit remands. *United States v. Geraldo,* 271 F.3d 1112, 1116 (D.C.Cir.2001) ("[R]ather than requiring the defendant to raise [an ineffective assistance of counsel] claim collaterally, we remand to the district court for an evidentiary hearing .... [unless] the trial record conclusively shows that the defendant is entitled to no relief ... [or] the trial record conclusively shows the contrary.") Moreover, by developing the record for Todd's ineffective assistance of counsel claim, the parties will also be supplementing the evidence for his other claims, given the extent to which they overlap with his ineffective assistance claim. For example, the contention that defense counsel sought, at Todd's expense, to protect Todd's father and brother, and that counsel failed to advise him appropriately regarding the Government's alleged threats to him and his family, depends on Todd's ability to show that the Government actually made such threats.

We realize, of course, that remanding will permit Todd to litigate certain claims on direct appeal he would ordinarily pursue in his collateral attack. Unusual cases, however, call for unusual remedies. In addition to the large, critical gap in the record and the significant overlap among Todd's claims, he is to blame neither for the lack of a transcript nor for failing to appeal twenty years ago—circumstances that make resolution of his case so difficult.

We also recognize that we are leaving certain legal questions raised by the Government unresolved: whether the Su-

preme Court's recent decision in *United States v. Vonn*, which held that plain error review applies to Rule 11 claims, —— U.S. ——, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002), applies to such claims for a plea without a record, or to the "likelihood of reversible error" factor for a transcript claim; whether Todd lacks standing to bring a claim based on alleged threats to prosecute him for visa and tax fraud; and whether Todd's sentencing challenges are moot because he has completed his imprisonment and special parole terms. Depending on how Todd's appeal is ultimately resolved, these issues may become moot.

The record is remanded to the district court for further proceedings consistent with this opinion.

*So ordered.*