**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Julius ALCORN, Defendant—Appellant.**

No. 03–50358.
D.C. No. CR–01–00725–DT–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2004.[*]

Decided Nov. 15, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before TASHIMA, FISHER and TALLMAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM**

Julius Alcorn appeals his conviction under 18 U.S.C. § 922(g) for possessing a firearm after being convicted of a felony. We affirm.

Alcorn's rights under the Fifth Amendment were not violated at voir dire when the government exercised a peremptory strike against an African–American juror. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Alcorn correctly argues that the district court erred in stating that a defendant must demonstrate a pattern or practice of discrimination to prevail on a *Batson* claim. *See Hernandez v. New York,* 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). The error, however, was harmless. Alcorn has not demonstrated that the prosecutor's proffered race-neutral basis for the strike—that the juror had previously served on only one jury, which hung—was pretextual. *See id.* at 359.

The district court did not err in excluding as hearsay a mobile data terminal communication from an unknown source with the arresting officers' patrol car on the night of the arrest. At trial, Alcorn argued that the evidence came within three different hearsay exceptions that the court properly rejected. On appeal, he offers a new theory—that the evidence should have been admitted for its effect on the receiving officer. The district court did not commit plain error by not sua sponte admitting the evidence on this ground. *See Hudspeth v. Commissioner,* 914 F.2d 1207, 1215 (9th Cir.1990).

The district court did not err in allowing the government to reopen its case to admit a stipulation of Alcorn's felony conviction. A district court has broad discretion to allow a party to reopen its case.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See United States v. Suarez–Rosario*, 237 F.3d 1164, 1167 (9th Cir.2001). Here, the district court did not abuse its discretion and Alcorn did not suffer prejudice from the reopening, as he had already stipulated in writing to the conviction.

Finally, although the district court misread the jury instruction, the court's error was harmless when considered in the context of the instructions as a whole. *See United States v. Ancheta*, 38 F.3d 1114, 1116 (9th Cir.1994).

**AFFIRMED.**