**UNITED STATES of America,**

v.

**Manuel VENTURA–CANDELARIO, Defendant.**

No. 92 CR. 583 (MGC).

United States District Court, S.D. New York.

Nov. 18, 1997.

Mary Jo White, U.S. Attorney for the Southern District of New York by Jean Walsh, Asst. U.S. Atty., New York, NY, for United States of America.

Daniel L. Greenberg, The Legal Aid Society, by Steven M. Statsinger, New York, NY, for Defendant.

### OPINION

CEDARBAUM, District Judge.

Defendant moves pursuant to Fed. R.Crim.P. 35(c) for correction of his sentence. Defendant contends that an amendment to the statute under which he was convicted reduces the maximum permissible sentence to two years' imprisonment. For the reasons that follow, defendant's motion is denied.

Defendant was convicted of violating 8 U.S.C. § 1326(a) and (b)(2). This statute prescribes criminal penalties for illegal reentry into the United States by certain removed aliens. 8 U.S.C. § 1326.

Section 1326(a) provides for a two year term of imprisonment for aliens who illegally reenter the United States. 8 U.S.C. § 1326(a). Section 1326(b)(2) provides an enhanced punishment for aliens who, like defendant, illegally reenter after having been removed following a conviction for an aggravated felony. 8 U.S.C. § 1326(b)(2).

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, amended 8 U.S.C. § 1326, effective April 1, 1997. Pub.L. No. 104–208, Div. C, 110 Stat. 3009–546 (1996).

Section 1326(a)(1), as amended, penalizes the reentry of any alien who "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding." Pub.L. No. 104–208, Div. C, Title III, Subtitle A, § 308(d)(4)(J)(i), 110 Stat. 3009–618 (1996). Section 1326(b)(2) was amended to replace the word "deportation" with the word "removal." As of the effective date of the statute, the enhanced punishment contained in 8

U.S.C. § 1326(b)(2) applies to aliens whose "removal" from the United States followed a conviction for an aggravated felony. Pub.L. No. 104–208, Div. C, Title III, Subtitle A, § 308(e)(1)(K), 110 Stat. 3009–619 (1996).

The new section 1326(a) refers to aliens who have been "deported, or removed," or are subject to an order of "deportation, or removal," whereas the new section 1326(b)(2) eliminated the word "deportation" and replaced it with the word "removal."

Relying on this difference in wording, defendant argues that section 1326(b)(2), as amended, applies only to those who have been "removed," and does not apply to those who, like him, have been "deported." According to defendant, since the word "deported" appears in the amended section 1326(a), but not in the amended section 1326(b)(2), section 1326(a)—with its lesser punishment provision—applies to him to the exclusion of 8 U.S.C. § 1326(b)(2). Defendant does not offer any explanation as to why Congress would have silently reduced the punishment for reentering after deportation for an aggravated felony.

### Discussion

The 1996 amendments provide that "any reference in [this subtitle] to an order of removal shall be deemed to include a reference to ... an *order of deportation.*" Pub.L. No. 104–208, Div. C, Title III, Subtitle A, § 309(d)(2), 110 Stat. 3009–627 (1996) (emphasis added).

By explicitly providing that any reference to an "order of removal" shall be deemed to include an "order of deportation," Congress appears to intend that the word "removal," wherever it appears, shall include "deportation."

Since "removal" includes "deportation," the use of the word "removal" in section 1326(b)(2) encompasses those who, like defendant, were deported prior to the 1996 amendments.

The retention of the words "deported" and "deportation" in the amended section 1326(a)(1) does not alter this conclusion. For example, despite the change of language in section 1326(b)(2), 8 U.S.C. § 1326(d) retains the terminology "the deportation order described in subsection (a)(1) or subsection (b)

of this section." *See* 8 U.S.C. § 1326(d). Since neither "deportation" nor "deportation order" appears in the amended section 1326(b), the most reasonable conclusion is that the word "removal"—which does appear in the amended section 1326(b)—should now be interpreted to "describe" deportation as well. *See* 8 U.S.C. § 1326(b), (d).

The change of the word "deportation" to "removal" in section 1326(b)(2) was accomplished by Pub.L. No. 104–208, Div. C, Title III, Subtitle A, § 308(e)(1)(K), 110 Stat. 3009–619 (1996). This portion of the amendments is labeled "Revision of *Terminology* Relating to Deportation." *See* Pub.L. 104–208, Div. C, Title III, Subtitle A, § 308(e), 110 Stat. 3009–619 (1996). There is no basis for believing that Congress' substitution of the word "removal" for the word "deportation" was intended substantively to alter the statutory punishment provisions.

An examination of the amendments supports the conclusion that "deportation" is now subsumed in "removal." Section 1227(a) defines "deportable aliens," and provides that "any alien ... shall ... be *removed* if the alien is [a] *deportable* alien." 8 U.S.C. § 1227(a). Pub.L. No. 104–208, Div. C, Title III, Subtitle A, § 305(a), 110 Stat. 3009–597 (1996) (emphasis added). According to section 1229(a), removal proceedings are conducted to decide, *inter alia,* the "deportability" of an alien; an alien subject to "removal proceedings" may be charged with "any applicable ground of deportability under section 1227(a)." 8 U.S.C. § 1229a(a)(1) and (2). At the conclusion of the proceedings the immigration judge determines if the alien is "removable." 8 U.S.C. § 1229a(c)(1). "Removable" means, *inter alia,* "that the alien is deportable under section 1227." 8 U.S.C. § 1229a(e)(2)(B).

In sum, the change of the word "deportation" to "removal" in 8 U.S.C. § 1326(b)(2) was simply a change in terminology. In accordance with the statutory language, "removal" encompasses "deportation." Accordingly, defendant's motion is denied.

SO ORDERED.