**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-50095
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME PENA-RENOVATO,

Defendant-Appellant.

Appeal from United States District Court
for the Western District of Texas

February 18, 1999

Before KING, Chief Judge, BARKSDALE and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge.

A federal grand jury indicted Jaime Pena-Renovato ("Pena") on July 2, 1997. In relevant part, the indictment charged Pena with being found in the United States on or about June 16, 1997 after "having previously been arrested and deported from the United States on or about May 15, 1997," in violation of 8 U.S.C. § 1326.

During Pena's bench trial, the Government introduced evidence that on May 15, 1997, an immigration judge ordered that Pena be removed from the United States to Mexico. Importantly, the

order is captioned "IN REMOVAL PROCEEDINGS" and does not mention deportation. On the basis of this evidence, Pena moved for a new trial or a judgment of acquittal. He argued that the Government had failed to prove the offense charged in the indictment, illegal reentry following deportation, because the evidence showed that Pena had been "removed" rather than "deported."[*] The district court denied Pena's motion for a new trial or judgment of acquittal, initially and on reconsideration, and sentenced Pena to a ten-month term of imprisonment.

Pena argues on appeal that the evidence is insufficient to support his conviction because the Government failed to prove that he was ever deported from the United States. He further contends that the district court allowed the Government to constructively amend the indictment by accepting proof that Pena had been "removed" from the United States rather than "deported" from the United States.

In United States v. Pantin, 155 F.3d 91, 92 (2d Cir. 1998), cert. denied, – S.Ct. –, 1999 WL 8662 (Jan. 11, 1999) (No. 98-6965), the Second Circuit considered an argument analogous to Pena's. Having been convicted of illegal reentry in violation of § 1326(a), Pantin argued that his 1994 deportation could not serve as the basis for a sentence enhancement pursuant to § 1326(b), which provides that aliens convicted of illegal reentry under § 1326(a) may receive a sentence of up to twenty years if their "'removal was subsequent to a conviction for commission of an aggravated felony.'" Pantin, 155 F.3d at 91 (quoting § 1326(b)(2)). Pantin did not dispute that he had an aggravated felony conviction, but he contended that because he had been "deported," not "removed," in 1994, his sentence could not be enhanced under § 1326(b)(2). See id. at 91-92. The Second

---

[*] Pena also argued in district court that the Government had failed to prove the elements of the offense because the order of removal was technically defective; however, he has abandoned this argument on appeal.

2

Circuit rejected Pantin's argument. The court noted that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) has "d[one] away with the previous legal distinction among deportation, removal, and exclusion proceedings." Id. at 92, citing IIRIRA § 304 (codified at 8 U.S.C. §§ 1229-1229c). Thus, the Second Circuit concluded that the terms "deportation" and "removal" have the same meaning under the IIRIRA, and that Pantin's sentence could be enhanced under § 1326(b) based on his 1994 deportation. See id.

We agree with the reasoning and result of the Pantin decision. Effective April 1, 1997, IIRIRA amended § 1326 to provide for the imposition of penalties against any alien who "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter" illegally reenters, or attempts to reenter, the United States. See § 1326. This statutory language, under which Pena was charged and convicted, does not attach any importance to the distinction between removal and deportation; instead, it considers both as valid grounds for the imposition of penalties. Indeed, the IIRIRA provides that "any reference in law to an order of removal shall be deemed to include a reference to an order of exclusion and deportation or an order of deportation." IIRIRA § 309(d); see 8 U.S.C. § 1101, Historical and Statutory Notes, Effective date of 1996 Amendments.

Applying this holding to Pena's case, we must reject both of his bases for appeal. He first argues that the government at trial failed to present any evidence showing he had been deported, and that its evidence that he had been removed was irrelevant because removal and deportation are not the same proceeding. Next, he argues that the district court constructively amended the indictment when it convicted him only on proof of removal, when the indictment required proof of deportation. Both of these claims depend on the premise that removal and deportation are different proceedings.

3

Because we find that removal and deportation are the same proceeding for purposes of § 1326, we refuse to reverse Pena's convictions.  Accordingly, the decisions of the district court are AFFIRMED.