**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ruben LOPEZ–GONZALEZ,
Defendant–Appellant.**

No. 98–30188.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1999

Filed July 20, 1999

Craig E. Weinerman, Assistant Federal Public Defender, Eugene, Oregon, for the defendant-appellant.

Kirk A. Engdall, Assistant United States Attorney, Eugene, Oregon, for the plaintiff-appellee.

Before: CANBY and T. G. NELSON, Circuit Judges, and FOGEL, District Judge.[1]

1. The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

**FOGEL, District Judge:**

Ruben Lopez–Gonzalez appeals his conviction for illegal entry by an alien in violation of 8 U.S.C. § 1326, which imposes criminal penalties upon aliens who attempt to enter, enter or are found in the United States after having "been denied admission, excluded, deported or removed." 8 U.S.C. § 1326(a). We affirm the conviction.

Appellant was convicted after a jury trial based upon an indictment charging in relevant part that he "was found in the United States of America after having been previously arrested and deported from the United States of America, on or about August 8, 1997, from Calexico, California." At trial, Appellant attempted to draw a distinction between "deportation" and "removal," arguing that while he had been "removed" from the United States, he had not been "deported" as was charged in the indictment. The jury rendered a verdict of guilty, after which Appellant moved for a judgment of acquittal and a new trial.[2] Both motions were denied and the district court sentenced Appellant to an eighty-four month term of imprisonment.

▮ Appellant presents several arguments on appeal, all of which depend upon his contention that deportation and removal are different proceedings for purposes of § 1326 such that an indictment charging him with reentry after deportation obligated the prosecution to prove that he previously had been "deported" rather than "removed." He first argues that the evidence presented at trial was insufficient to prove that he was found in the United States after having been "deported." Next, he argues that he was deprived of a fair trial, due process and the right to present his theory of the defense as a result of the district court's refusal to give a requested theory-of-the-defense instruction which distinguished deportation from removal, limitation on defense counsel's attempt to focus on the difference between deportation and removal during summation and response to a jury question seeking clarification regarding the differences between deportation and removal.

Other circuits confronted with similar arguments have concluded that there is no legally significant distinction between deportation and removal for purposes of § 1326. In *United States v. Pantin,* 155 F.3d 91 (2d Cir.1998), the Second Circuit noted that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA")[3] amended the immigration statutes so as to eliminate the previous legal distinction between deportation, removal and exclusion, merging all of these proceedings into a broader category entitled "removal proceedings."[4] *Pantin,* 155 F.3d at 92. The IIRIRA simultaneously amended the language of § 1326.[5] *Id.* Viewing § 1326 in light of the changes made by the IIRIRA, the Second Circuit concluded that a defendant who previously

---

**2.** Appellant additionally had moved for a judgment of acquittal after the close of the prosecution's case. That motion was denied.

**3.** Pub.L. No. 104–208, 110 Stat. 3009 (1996).

**4.** *See, e.g.,* IIRIRA § 304 (codified at 8 U.S.C. §§ 1229–1229c) (merging deportation, removal and exclusion proceedings into a broader category of "removal proceedings"); *id.* § 306 (codified at 8 U.S.C. § 1252) (redesignating "orders of deportation" as "orders of removal"); *id.* § 308(e) (codified in scattered sections of 8 U.S.C.) (amending immigration provisions by striking the word "deportation" and replacing it with "removal"); *id.* § 309(d) (providing that "any reference in law to an order of removal shall be deemed to include a reference to an order of exclusion and deportation or an order of deportation").

**5.** Section 1326(a) previously referred to aliens who have been "arrested and deported" or "excluded and deported"; the IIRIRA substituted language referring to aliens who have "been denied admission, excluded, deported or removed." IIRIRA § 308(d)(4)(J) (codified at 8 U.S.C. § 1326(a)). Section 1326(b) previously referred to aliens whose "deportation" was subsequent to a conviction for commission of one a number of enumerated classes of crime; the IIRIRA substituted the term "removal" for the term "deportation." IIRIRA § 305(b)(3) (codified at 8 U.S.C. § 1326(b)).

had been "deported" subsequent to a conviction for commission of an aggravated felony properly was subjected to a sentence enhancement under § 1326(b)(2) even though that section provides for enhancement against an alien who previously was "removed" subsequent to a conviction for commission of an aggravated felony. *Id.* at 92–93.

Similarly, in *United States v. Pena–Renovato,* 168 F.3d 163 (5th Cir.1999), the Fifth Circuit concluded that the language of 8 U.S.C. § 1326 as amended by the IIRIRA "does not attach any importance to the distinction between removal and deportation; instead, it considers both as valid grounds for the imposition of penalties." *Pena–Renovato,* 168 F.3d at 164. Thus the Fifth Circuit concluded that a defendant charged with reentry after being "deported" properly was convicted of violating § 1326 even though the evidence may have shown that the defendant had been "removed" rather than "deported." *Id.* at 165.

██ We agree with the reasoning set forth in *Pantin* and *Pena–Renovato* and thus conclude that any distinction between deportation and removal is legally insignificant for purposes of § 1326. Because all of Appellant's arguments rest upon an erroneous assumption that the prosecution was required to prove that he reentered the country after having been "deported" rather than "removed," he has failed to demonstrate adequate grounds for reversal.

██ We would reach the same result even absent reliance upon the reasoning set forth in *Pantin* and *Pena–Renovato.* "The essential purpose of an indictment is to give the defendant notice of the charge so that he can defend or plead his case adequately." *United States v. Neill,* 166 F.3d 943, 947 (9th Cir.1999) (internal citation and quotation marks omitted). In the present case, the indictment clearly informed Appellant that the conduct giving rise to the § 1326 charge was being found in the United States after having been forced to depart the country "on or about August 8, 1997, from Calexico, California." Appellant knew that he was forced to depart the country on or about that date, from that city. The statute gave notice that Appellant would be subject to criminal penalties if he was found in the country after being forced to depart, whether that departure was effected by deportation, exclusion or removal. Under these circumstances, it cannot be said that Appellant was subjected to unfair surprise or other prejudice even if the Court were to assume that "deportation" and "removal" are legally distinct proceedings. Any divergence between the indictment's reference to "deportation" and trial evidence of "removal" constitutes an insignificant variance which does not merit reversal. *See United States v. Olson,* 925 F.2d 1170, 1175 (9th Cir.1991) (stating that an insignificant variance between the indictment and trial proof constitutes harmless error if there is no prejudice to the substantial rights of the defendant).

Accordingly, the judgment of the district court is

**AFFIRMED.**