UNITED STATES of America, Plaintiff–Appellee,

v.

**Walter Watson PATTERSON, Defendant–Appellant.**

No. 01–10347.

D.C. No. CR–99–00134–DWH.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Walter Watson Patterson appeals the 33–month sentence imposed by the district court following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Patterson contends that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") amended 8 U.S.C. § 1326(b)(2), such that it describes a separate crime, not a sentencing factor. Patterson further contends that his sentence should not have been enhanced under subsection (b)(2) because it only applies to aliens who have been "removed"

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

and the indictment to which he pleaded guilty only alleged that he had been "deported." We reject both contentions.

We previously concluded that subsection (b)(2) is a sentencing factor, *see United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001), and we are not persuaded by Patterson's arguments to the contrary. Moreover, we have already determined that there is no legally significant difference between deportation and removal for purposes of § 1326, and thus, Patterson's claim that subsection (b)(2) is not applicable to him because he pleaded guilty to deportation, not removal, is also rejected. *United States v. Lopez–Gonzalez,* 183 F.3d 933, 934–35 (9th Cir.1999), *cert. denied,* 528 U.S. 1126, 120 S.Ct. 957, 145 L.Ed.2d 830 (2000).

**AFFIRMED.**