UNITED STATES of America,
Plaintiff—Appellee,

v.

Leonsio ESCALANTE–BETANCOURT,
Defendant—Appellant.

No. 01–10607.
D.C. No. CR–01–00031–HDM.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2002 *.

Decided May 24, 2002.

Before HAWKINS and SILVERMAN, Circuit Judges, and RESTANI, Judge.**

## MEMORANDUM ***

Leonsio Escalante–Betancourt (hereinafter "Defendant") appeals the forty-six (46) month sentence imposed following his guilty plea for reentry of a deported alien pursuant to 8 U.S.C. § 1326. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## BACKGROUND

In November 1998, Defendant was deported to Mexico from the United States following an aggravated felony conviction for trafficking narcotics.[1] In February 2001, Defendant was found in the United States without the permission of the Attorney General. Indicted and charged with Unlawful Reentry of a Deported Alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), Defendant pled guilty. At the plea proceedings, the court listed the elements of illegal entry and explained to Defendant that each would have to be proven beyond a reasonable doubt if the matter went to trial. Defendant admitted that he illegally reentered the U.S. after being deported.[2]

Prior to sentencing, Defendant filed objections related to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the criminal history calculation as well as a motion for a downward departure based on family and community ties. At sentencing, the court denied the downward departure and, giving Defendant the "benefit of the doubt," sustained the criminal history calculation objection. The court did not directly address Defendant's *Apprendi* objections but determined that the factual findings and Guideline applications in the Presentence Report were correct. The court found that the defendant had been previously

convicted of an aggravated felony and, therefore, was subject to a sixteen level increase.[3] Upon review, the district court found that a sentence "at the low end of the range [was] appropriate" and, on October 5, 2001, Defendant was sentenced to 46 months.[4]

Defendant appeals arguing that his sentence cannot exceed two years because he admitted only to being "deported," not "removed" and, therefore, the enhancement provision of § 1326(b)(2) does not apply. To preserve the issue for appeal, Defendant also argues that the current version of the statute renders § 1326(b)(2) a separate crime which, under *Apprendi*, requires the Government to plead and prove beyond a reasonable doubt both that he was removed and that he was convicted of an aggravated felony before removal.

## DISCUSSION

### I. Deported v. Removed

 Defendant first argues that the aggravated felony provision of 8 U.S.C. § 1326(b)(2) applies only to "removed" aliens. Defendant contends that, because he pled guilty to being "deported," not "removed," any penalty in excess of two years is erroneous.[5] In *United States v. Lopez–Gonzalez*, 183 F.3d 933, 935 (9th Cir.1999), we held that there is no legally significant difference between deportation

1. On June 30, 1997, Defendant was convicted of trafficking in a controlled substance, an aggravated felony. *Sentencing Tr.* at 12, lines 10–12.

2. Defendant is married to an American citizen and has two citizen children. Defendant claims that he returned because his family was unable to adjust to living in Mexico.

3. Under the Guidelines, the court determined that the base offense level was 8. The court then applied a 16 level increase for illegal reentry after being deported following an aggravated felony conviction. The court ultimately calculated a criminal history category

of III and a total offense level of 21. The court determined that the Guideline range would be forty-six (46) to fifty-seven (57) months. United States Sentencing Guidelines § 2L1.2.

4. Judgment of Conviction was entered on October 11, 2001. Notice of Appeal was time filed on October 15, 2001.

5. Although Defendant originally pled not guilty, he later changed his plea to guilty. At the plea colloquy, Defendant admitted that he illegally reentered the United States "after being deported."

and removal for the purposes of 8 U.S.C. § 1326. Lopez–Gonzalez argued that he had been "removed" but not "deported." In rejecting that distinction, the court found that "[the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA")] amended the immigration statutes so as to eliminate the previous legal distinction between deportation, removal, and exclusion, merging all of these proceedings into one broader category entitled 'removal proceedings.'" *Lopez–Gonzalez*, 183 F.3d at 934 (citing *United States v. Pantin*, 155 F.3d 91, 92 (2nd Cir.1998); *United States v. Pena–Renovato*, 168 F.3d 163, 164 (5th Cir.1999)).

Defendant contends that *Lopez–Gonzalez* is not controlling because the court did not conduct an in-depth analysis into the language of § 1326 and, instead, relied upon the "flawed decisions of the Second and Fifth Circuits." Defendant's lengthy argument is one of tortured statutory construction,[6] essentially claiming that if Congress had intended the words in § 1326(a)—"denied admission, excluded, deported, or removed or has departed"—to have the same meaning as "removal" in

§ 1326(b)(2), it would have said so.[7] Defendant argues that, because § 1326(a) contains several terms and § 1326(b) discusses only removal, Congress intended to punish aliens removed pursuant to 8 U.S.C. § 1228 (expedited removal of aliens convicted of committing aggravated felonies) more harshly than others. Defendant does not cite to any legislative history in support or any case recognizing this alternative interpretation. *But see Velasquez–Gabriel v. Crocetti*, 263 F.3d 102, 105 (4th Cir.2001) (favorably citing *Lopez–Gonzalez* in support of the conclusion that IIRIRA eliminated previous legal distinctions between deportation, removal, and exclusion).

We find that *Lopez–Gonzalez* is controlling and that, for the purposes of § 1326, there is no legal distinction between the terms "deportation" and "removal."

## II. *Apprendi*

■ Defendant next argues that, under *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, a prior conviction is an element of illegal reentry that must be proved if the sentence is to be enhanced

---

**6.** Defendant argues that the court in *Lopez–Gonzalez:* (1) did not consider the "disjunctive" nature of the text of § 1326; (2) effectively rewrote § 1326, rendering important terms meaningless; and (3) created an ambiguity because it does not encompass all the terms of subsection (a)(1).

**7.** The statute reads, in pertinent part:

(a) Subject to subsection (b) of this section, any alien who—
 (1) has been *denied admission, excluded, deported, or removed or has departed* the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
 (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contigu-

ous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
 shall be fined under Title 18, or imprisoned not more than 2 years, or both.
(b) Criminal penalties for reentry of certain removed aliens
 Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—
 . . . .
 (2) whose *removal* was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both;
8 U.S.C. § 1326 (emphasis added).

under the current verison of § 1326(b). In *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Court held that, in the context of § 1326, a prior conviction is a sentencing factor, not an element of the offense. Defendant argues that the text of the § 1326(b)(2) has changed substantially since *Almendarez–Torres.*[8] Defendant argues that, because *Almendarez–Torres* was decided under the 1995 version of § 1326, *Almendarez–Torres* does not control its application here.

Defendant contends that, under the 1996 amendments, § 1326(a)(1) and § 1326(b) should be interpreted as separate crimes. According to Defendant's interpretation, *Apprendi* requires that the Government's indictment charge that Defendant had been previously convicted of a felony offense as an element of the offense. Defendant essentially argues that *Apprendi* overruled *Almendarez–Torres.*

In *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001), we rejected this argument. Like Defendant here, Pacheco–Zepeda argued that his indictment did not did not allege that he had been previously convicted of any felonies and was, therefore, insufficient to impose a sentence under § 1326(b). Citing *Almendarez -Torres,* the Court found that § 1326(b)(2) does not create an additional element of the offense but simply authorizes a sentencing enhancement for prior convictions. *Pacheco–Zepeda,* 234 F.3d at 413. We determined that *Almendarez–Torres* "stands for the proposition that not every fact expand-

ing a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged." *Pacheco–Zepeda* 234 F.3d at 413–14 (quoting *Jones v. United States,* 526 U.S. 227, 248, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

The Court went on to reject the defendant's argument that *Apprendi* required the Government to charge and prove beyond a reasonable doubt that he was convicted of an aggravated felony. "[T]he Court in *Apprendi* chose not to overrule *Almendarez–Torres,* and unmistakably carved out an exception for 'prior convictions' that specifically preserved the holding of *Almendarez–Torres." Pacheco–Zepeda,* 234 F.3d at 414. The court further rejected the argument that *Apprendi* limited *Almendarez–Torres* strictly to the facts of the case. Not surprisingly, Defendant argues that *Pacheco–Zepeda* was wrong.

Admitting that he primarily raises the *Apprendi* issue to preserve it for appeal, Defendant concedes that his argument is contrary to our established jurisprudence. *See e.g., United States v. Fresnares–Torres,* 235 F.3d 481, 482 (9th Cir.2000) (upholding the *Almendarez–Torres* exception); *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001) (same). As in *Pacheco–Zepeda,* we find that *Almendarez–Torres* is dispositive here.

We AFFIRM.

---

**8.** In 1995, § 1326(a)(1) read "has been arrested and deported or excluded and deported . . ." In 1996, § 1326(a)(1) was amended to read: "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding . . ."

In 1995, § 1326(b)(2) read "whose deportation was subsequent to a conviction for commission of an aggravated felony . . ." In 1996, § 1326(b)(2) was amended to read: "whose removal was subsequent to a conviction for commission of an aggravated felony . . ."