**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ramiro ROSALES–AGUILERA, Defendant—Appellant.**

No. 01–10590.

D.C. No. CR–00–00157–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 28, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, RYMER and WARDLAW, Circuit Judges.

### MEMORANDUM **

Ramiro Rosales–Aguilera appeals the 84–month sentence imposed following his guilty plea conviction for unlawful reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Rosales–Aguilera contends that the sentencing enhancement under section 1326(b) applies to aliens who have been removed, but not aliens who have been deported, excluded, denied admission or voluntarily departed. Therefore, the enhancement cannot apply to him because his indictment only alleged that he had been "deported." This contention lacks merit because we have held that there is no legally significant distinction between "deportation" and "removal" for purposes of the crime defined by 8 U.S.C. § 1326(a) and the enhancement under section 1326(b). *See United States v. Lopez–Gonzalez*, 183 F.3d 933, 934–35 (9th Cir.1999).

Rosales–Aguilera's contention that the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because 8 U.S.C. § 1326(b) describes a separate crime from subsection (a) similarly lacks merit because we have already determined that *Apprendi* did not overrule *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that section 1326(b)(2) describes a sentencing factor and need not be pled in the indictment as an element of a section 1326(a) offense). *See United States v. Ar-*

*ellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1450, —— L.Ed.2d —— (2002); *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.2000), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

