**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Sergio MEZA–PONCE, Defendant—Appellant.**

No. 01–10593.

D.C. No. CR–01–00017–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002 *.

Decided Sept. 16, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM **

Sergio Meza–Ponce appeals the 46–month sentence imposed following his guilty plea conviction for unlawful reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review de novo a challenge to the sufficiency of the indictment. *United States v. Neill,* 166 F.3d 943, 947 (9th Cir.1999). "Whether the district court violated the constitutional rule expressed in *Apprendi* is a question of law we review de novo." *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001), *cert.*

** This disposition is not appropriate for publication and may not be cited to or by the

*denied,* —— U.S. ——, 122 S.Ct. 1450, 152 L.Ed.2d 392 (2002). We affirm.

■ Meza–Ponce contends that the sentencing enhancement under section 1326(b) applies to aliens who have been removed, but not aliens who have been deported, excluded, denied admission or voluntarily departed. Therefore, the enhancement cannot apply to him because his indictment only alleged that he had been "deported." This contention lacks merit because we have held that there is no legally significant distinction between "deportation" and "removal" for purposes of the crime defined by 8 U.S.C. § 1326(a) and the enhancement under section 1326(b). *See United States v. Lopez–Gonzalez,* 183 F.3d 933, 934–35 (9th Cir.1999).

■ Meza–Ponce's contention that the district court violated his rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because 8 U.S.C. § 1326(b) describes a separate crime from subsection (a) is foreclosed by *Arellano–Rivera,* 244 F.3d at 1127 (holding that *Apprendi* did not overrule *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.