**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Baldemar CEJA–CISNEROS, Defendant–Appellant.**

No. 02–10048.

D.C. No. CR–01–00020–ECR.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 11, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM**

Baldemar Ceja–Cisneros ("defendant") appeals the 58–month sentence imposed following his guilty plea conviction for reentry of a deported alien pursuant to 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Defendant contends that the aggravated felony provision of 8 U.S.C. § 1326(b)(2) does not apply to him because he is not a "removed" alien. This contention is unpersuasive. Defendant admitted to being "physically taken into custody and returned to his native country" and the difference between deportion and removal is legally insignificant for purposes of section 1326. *See United States v. Lopez–Gonzalez*, 183 F.3d 933, 935 (9th Cir.1999).

Defendant also contends that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), a prior conviction is an element of illegal reentry and must be proved if the sentence is to be enhanced under the current version of 8 U.S.C. § 1326(b). This argument is foreclosed by *United States v. Arellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001) (holding that *Apprendi* did not overrule *Armendarez–Torres*).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.