**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Evelia BENAVIDES–GUTIERREZ, Defendant—Appellant.**

No. 02–10228.

D.C. No. CR–01–00154–ECR/VPC.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Evelia Benavides–Gutierrez appeals her conviction by guilty plea and sentence for unlawful re-entry by a deported, removed and/or excluded alien in violation of 8 U.S.C. § 1326(a). As Benavides–Gutierrez concedes, Ninth Circuit precedent forecloses her argument that imposition of a sentence in excess of Section 1326(a)'s two-year maximum, without proof beyond a reasonable doubt of the removal and pre-removal aggravated felony conviction, violates due process under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir. 2000) (concluding that *Apprendi*'s recidivism exception specifically preserved the holding of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that the prior conviction need not be pled in the indictment or proved beyond a reasonable doubt); *United States v. Lopez–Gonzalez*, 183 F.3d 933, 935 (9th Cir.1999) (concluding that any distinction between deportation and re-

moval is legally insignificant for purposes of § 1326). The judgment is therefore **AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

