**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge Daniel RIVERA–OROZCO, Defendant–Appellant.**

**No. 01–10657.**

**D.C. No. CR–01–00069–DWH.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT and GRABER, Circuit Judges.

MEMORANDUM **

Jorge Daniel Rivera–Orozco appeals his 60–month sentence imposed following his guilty-plea conviction for being an illegal alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.[1]

Rivera–Orozco first contends that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the existence and nature of a prior felony conviction used to enhance his sentence must be charged in the indictment and proved

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

1. Although Rivera–Orozco has been deported to Mexico, this appeal is not moot because his sentence has not expired. *See United States v. Valdez–Gonzalez*, 957 F.2d 643, 646–47 (9th Cir.1992), *abrogated on other grounds by* U.S.S.G. Amendment 345.

beyond a reasonable doubt. Rivera–Orozco also contends that because of the 1996 Congressional changes to § 1326, *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) does not apply to his case. These contentions are foreclosed by our decision in *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001), *cert. denied,* 535 U.S. 976, 122 S.Ct. 1450, 152 L.Ed.2d 392 (2002).

Rivera–Orozco next contends that his sentence was erroneously enhanced by § 1326(b)(2), because he admitted only that he was previously deported, not removed. Contrary to Rivera–Orozco's assertion, this contention is foreclosed by our decision in *United States v. Lopez–Gonzalez,* 183 F.3d 933, 934–35 (9th Cir.1999) (concluding that there is no legally significant difference between deportation and removal for purposes of § 1326). Moreover, Rivera–Orozco's argument is belied by the record. Our review clearly shows that during the plea colloquy, Rivera–Orozco admitted that he was previously "deported or removed to Mexico."

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.