**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Lauriano SEPULVEDA, Defendant—Appellant.**

No. 02–10231.

D.C. No. CR–01–00144–DWH/RAM.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 19, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Jose Lauriano Sepulveda appeals the judgment of conviction and his 68–month sentence for unlawful reentry by a deported, removed and/or excluded alien in violation of 8 U.S.C. § 1326.

Sepulveda contends that he cannot be subjected to a sentencing enhancement under 8 U.S.C. § 1326(b), because that statute only applies to aliens who have been removed, and not to aliens who have been deported or excluded, as Sepulveda was. This contention lacks merit because we have held that there is no legally significant distinction between "deportation" and "removal" for purposes of the crime defined by 8 U.S.C. § 1326(a) and the enhancement under section 1326(b). *See United States v. Lopez–Gonzalez*, 183 F.3d 933, 934–35 (9th Cir.1999).

Sepulveda also contends that the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because 8 U.S.C. § 1326(b) describes a separate crime from subsection (a), and must be pled in the indictment. As he acknowledges, this issue has been foreclosed by *United States v. Arellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001), *cert. denied*, 535 U.S. 976, 122 S.Ct. 1450, 152 L.Ed.2d 392 (2002); *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.2000), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).