**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ramon MARQUEZ–RODRIGUEZ,
Defendant—Appellant.**

No. 02–10518.

D.C. No. CR–02–00075–HDM.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Submitted Aug. 11, 2003.*

Decided Aug. 20, 2003.

Before SCHROEDER, Chief Judge, and HAWKINS and TASHIMA, Circuit Judges.

### MEMORANDUM **

Ramon Marquez–Rodriguez appeals his conviction pursuant to guilty plea and his 62–month sentence for unlawful reentry by a deported, removed and/or excluded alien in violation of 8 U.S.C. § 1326. We affirm.

Marquez–Rodriguez contends that his sentence in excess of two years is illegal and violates due process under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because at the plea hearing Marquez–Rodriguez admitted "denial of admission," but not removal which, he says, is the exclusive condition precedent for enhanced punishment under the 1996 version of 8 U.S.C. § 1326(b)(2). We reject Marquez–Rodriguez's contention that *United States v. Lopez–Gonzalez,* 183 F.3d 933, 934 (9th Cir. 1999) (concluding that any distinction between deportation and removal is legally insignificant for purposes of the 1996 version of § 1326), is not controlling. *See also United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000) (holding that *Apprendi* preserved the holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and rejecting contention that a

§ 1326(b)(2) enhancement requires proof beyond a reasonable doubt of the prior aggravated felony conviction). The district court's judgment is therefore

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

