**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Abel TELLO–DURAN, aka Candelario Rivera–Ayon, Defendant—Appellant.**

No. 03–10473.

D.C. No. CR–03–00002–HDM/VPC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

R. Don Gifford, II, United States Attorney's Office, Assistant United States Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, FPDNV–Federal Public Defender's Office (Reno), Reno, NV, for Defendant–Appellant.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Abel Tello–Duran appeals the 84–month sentence imposed following his guilty plea to unlawful reentry by a deported, removed and/or excluded alien in violation of 8 U.S.C. § 1326(a).

Tello–Duran contends that his sentence in excess of two years is illegal and violates due process under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because at the plea hearing Tello–Duran admitted deportation but not removal, which, he says, is the exclusive condition precedent for enhanced punishment under the 1996 version of 8 U.S.C. § 1326(b)(2). We reject Tello–Duran's contention that *United States v. Lopez–Gonzalez,* 183 F.3d 933, 934 (9th Cir. 1999) (concluding that any distinction between deportation and removal is legally insignificant for purposes of the 1996 version of § 1326), is not controlling. *See also United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000) (holding that *Apprendi* preserved the holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and rejecting contention that a § 1326(b)(2) enhancement requires proof beyond a reasonable doubt of the prior aggravated felony conviction). The district court's judgment is therefore

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.