**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Fernando TAVERA–PEREZ, Defendant—Appellant.**

**No. 03–10605.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 21, 2004.

Fed. R.App. P. 34(a)(2).

---

Ronald C. Rachow, AUSA, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Esq., FPDNV–Federal Public Defender'S Office, Reno, NV, for Defendant–Appellant.

Before LEAVY, THOMAS and FISHER, Circuit Judges.

### MEMORANDUM **

Fernando Tavera–Perez appeals his conviction pursuant to a guilty plea and his 57–month sentence for unlawful reentry by a deported, removed and/or excluded alien in violation of 8 U.S.C. § 1326. We affirm.

█ Tavera–Perez contends that he cannot be subjected to a sentencing en-

hancement under 8 U.S.C. § 1326(b) because that statute applies to aliens who have been removed, and not to aliens who have been deported, as Tavera–Perez was. This contention lacks merit because we have held that there is no legally significant distinction between "deportation," "exclusion" and "removal" for purposes of the crime defined by 8 U.S.C. § 1326(a) and the enhancement under section 1326(b). *United States v. Luna–Madellaga,* 315 F.3d 1224, 1225 n. 2 (9th Cir.2003); *United States v. Lopez–Gonzalez,* 183 F.3d 933, 934–35 (9th Cir.1999).

█ Tavera–Perez also contends that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred in imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based upon a prior aggravated felony which the indictment did not allege, to which he did not admit, and which was not submitted to a jury and proven beyond a reasonable doubt. He also contends that *Apprendi* renders inapplicable *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that 8 U.S.C. § 1326(b)(2) is a sentencing factor and not a separate offense). Tavera–Perez states that he presents the issue merely to preserve it in the event of ensuing favorable Supreme Court precedent, and acknowledges that his argument is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2000), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

Accordingly, the sentence is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.