**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ramon NUNEZ–RODELO,
Defendant–Appellant.**

**No. 03–10660.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2004.

Filed July 29, 2004.

Before: FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

FERNANDEZ, Circuit Judge.

Ramon Nunez–Rodelo appeals his sentence, imposed after a guilty plea, for unlawful reentry by a deported, removed, or excluded alien, in violation of 8 U.S.C. § 1326(a). He claims that because he was "removed" he could not be sentenced pursuant to 8 U.S.C. § 1326(b)(2).[1] We affirm on that issue.

## BACKGROUND

Following a felony conviction for drug trafficking, Nunez was deported from the United States on October 22, 1993, and was not thereafter given permission to reapply for admission or to reenter.[2] He was found in the State of Nevada on or about May 17, 2003. Thereafter, he was indicted for and pled guilty to a violation of 8 U.S.C. § 1326(a).

On November 14, 2003, Nunez was sentenced on the basis that he had been convicted of a drug trafficking felony prior to his deportation. Thus, sentencing was pursuant to 8 U.S.C. § 1326(b)(2). Therefore, under the Sentencing Guidelines, his base offense level was increased by 16 points,[3] which, after a 3 point adjustment for acceptance of responsibility,[4] resulted in an offense level of 21. That placed him in a Guideline range of 41–51 months, and

Michael K. Powell, Assistant Federal Public Defender, Reno, NV, for the appellant.

Ronald C. Rachow, Assistant United States Attorney, Reno, NV, for the appellee.

---

1. He also asserts that the elements of 8 U.S.C. § 1326(b)(2) must be pled in the indictment and proved to a jury beyond a reasonable doubt. In light of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), we have withdrawn submission of that issue pending further order of this court.

2. We assume these facts for the purpose of this opinion, without prejudice to revisiting

them, if necessary, after determination of the issue outlined in footnote 1.

3. *See* USSG § 2L1.2(b)(1)(A). All Guideline references in this opinion are to the Guidelines effective as of November 1, 2002.

4. USSG § 3E1.1(b).

he was sentenced to imprisonment for a period of 41 months. Nunez objected to the 16 point enhancement, and now appeals.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742.

■ We review questions of law de novo. *United States v. Cabaccang,* 332 F.3d 622, 624–25 (9th Cir.2003) (en banc). That, of course, includes interpretation of federal statutes. *Id.; see also United States v. Hernandez–Vermudez,* 356 F.3d 1011, 1013 (9th Cir.2004).

## DISCUSSION

■ Nunez asserts that because § 1326(b)(2) refers to removal and he was deported in the days before the removal language became law, he is not subject to that section's strictures. That might be an interesting, if somewhat banausic, argument if Congress and we had not already spoken to the issue. As it is, the argument is little more than logomachy.

Congress has indicated that removal is simply new nomenclature for what used to be called deportation or exclusion. *See* Illegal Immigration Reform and Immigrant Responsibility Act, Pub.L. No. 104–208, § 309(d)(2), 110 Stat. 3009 (1996); *Calcano–Martinez v. INS,* 533 U.S. 348, 350 & n. 1, 121 S.Ct. 2268, 2269 & n. 1, 150 L.Ed.2d 392 (2001); *United States v. Ventura–Candelario,* 981 F.Supp. 868, 869 (S.D.N.Y.1997). We have done the same, and have gone on to hold that "any distinction between deportation and removal is legally insignificant for purposes of § 1326." *United States v. Lopez–Gonzalez,* 183 F.3d 933, 935 (9th Cir.1999).

■ But, says Nunez, there is a distinction here because *Lopez–Gonzalez* actually dealt with a claim that there was a variance when the indictment referred to deportation, but the defendant had actually been removed. *Id.* at 934. There is that distinction, but it makes no difference. Nunez overlooks the core principle involved, that is, "there is no legally significant distinction between deportation and removal for purposes of § 1326." *Id.* That is emphasized by our reliance on *United States v. Pantin,* 155 F.3d 91, 93 (2d Cir. 1998), which expressly stated that "previously deported aliens are still meant to be covered by the amended § 1326(b)(2)." In so doing, that case in turn adopted the holding in *Ventura–Candelario,* 981 F.Supp. at 869, a case which concluded that "the change of the word 'deportation' to 'removal' in 8 U.S.C. § 1326(b)(2) was simply a change in terminology. In accordance with the statutory language, 'removal' encompasses 'deportation.' "

In fine, there is no basis for distinguishing the effect of the word "removal" in the various portions of § 1326, and Nunez is, indeed, covered by § 1326(b)(2).

## CONCLUSION

Nunez, claims that even if he was convicted of drug trafficking and deported, came back to this country without permission, was found, was prosecuted, and was found guilty, he cannot be subjected to the strictures of § 1326(b)(2). We hold that his arguments about the differences between "deported" and "removed" fail to protect him from the strictures of § 1326(b)(2).

AFFIRMED on the issue discussed herein.