**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon NUNEZ–RODELO,**
**Defendant–Appellant.**

No. 03–10660.

D.C. No. CR–03–00095–HDM/RAM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2004.

Partially Withdrawn from Submission
July 22, 2004.

Resubmitted Sept. 29, 2004.

Decided Sept. 29, 2004.

Before FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

---

**1.** *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc).

MEMORANDUM *

Ramon Nunez–Rodelo appeals his sentence, imposed after a guilty plea for unlawful reentry by a deported, removed, or excluded alien, in violation of 8 U.S.C. § 1326(a). He asserts that the elements of 8 U.S.C. § 1326(b)(2) must be pled in the indictment and proved to a jury beyond a reasonable doubt.[1] We disagree and affirm.

The indictment here did not specifically charge that Nunez committed an offense under § 1326(b)(2); it charged him under § 1326(a). As the Supreme Court has clearly held, that was proper because § 1326(b)(2) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime. Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998).

Nunez argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) changes that. It does not. *See United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000). Nor does *Ring v. Arizona,* 536 U.S. 584, 609, 122 S.Ct. 2428, 2443, 153 L.Ed.2d 556 (2002), for it, too, excepts prior convictions from its strictures. *Id.* at 597 n. 4, 122 S.Ct. at 2437 n. 4. Nor does *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See United States v. Quintana–Quintana,* 383 F.3d 1052 (9th Cir.2004). Finally, as we said in *Pacheco–Zepeda,* 234

F.3d at 414, we cannot "ignore controlling Supreme Court authority. Unless and until *Almendarez–Torres* is overruled by the Supreme Court, we must follow it."

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. He also made another claim, which we have previously disposed of in an opinion. *See United States v. Nunez–Rodelo,* 378 F.3d 877 (9th Cir. July 29, 2004).