**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Reynaldo De Jesus RAMOS, a/k/a John Fasio, a/k/a John Raymon Fasio, Defendant-Appellant.**

**No. 83-5331**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 27, 1984.

Arthur E. Huttoe, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Linda Collins Hertz, Miami, Fla., Norman A. Moscowitz, Asst. U.S. Attys., for plaintiff-appellee.

Before GODBOLD, Chief Judge, and RONEY and TJOFLAT, Circuit Judges.

RONEY, Circuit Judge:

Defendant Reynaldo de Jesus Ramos was indicted, convicted, and sentenced for giving a false name, place, and date of birth and using false papers in applying for a passport in violation of 18 U.S.C.A. § 1001, and for making a false statement with the intent to secure a passport in violation of 18 U.S.C.A. § 1542. The defendant appeals his conviction on three grounds: (1) the trial court erred in convicting and sentencing him under both statutes because the same act and the same evidence constituted both offenses; (2) insufficiency of the evidence; and (3) the erroneous admission of hearsay testimony. We affirm.

The Supreme Court has recently reaffirmed that "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not," *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)).

Ramos was sentenced to two concurrent two-year sentences under 18 U.S.C.A. § 1001 (Counts I and II), and a consecutive three-year term of probation under 18 U.S.C.A. § 1542 (Count III).

Section 1001 provides for penalties for

[w]hoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious, or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious, or fraudulent statement or entry.

Section 1542 penalizes

[w]hoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws.

Properly applied § 1001 requires proof that the false statement be of a material fact, *see United States v. Baker,* 626 F.2d 512, 514 (5th Cir.1980), an element not needed for § 1542 where "any false statement" is sufficient. On the other hand, § 1542 requires that the false statement be made

"with the intent to induce or secure . . . a passport." Although intent to deceive is necessary in § 1001, *see United States v. Dothard,* 666 F.2d 498, 503 (11th Cir.1982), intent to defraud, that is "to deprive someone of something by means of deceit" is not, *see United States v. Lichenstein,* 610 F.2d 1272, 1276–77 (5th Cir.), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980). Thus, the *Blockburger* test is met. There are two offenses involved. The district court did not err in convicting and sentencing the defendant under both §§ 1001 and 1542.

This holding is consistent with the outcome in other cases in which convictions and sentences under both § 1001 and a more specific section have been challenged for multiplicity. *See e.g. United States v. Carter,* 526 F.2d 1276, 1278 (5th Cir.1976) (§ 645(a) does not supplant § 1001; "§ 1001 requires a showing of materiality . . . § 645(a) requires that false statement be made for the purpose of influencing the action of the S.B.A., and does not require the government to show that the particular statement would have, in fact, affected the action of the S.B.A."); *United States v. Diogo,* 320 F.2d 898, 902 (2d Cir.1963) (false statements to immigration authorities in violation of §§ 1001 and 1546).

Defendant's challenge to the sufficiency of the evidence on the question of the materiality of the misrepresentations is without merit. A material misrepresentation is one which has "a natural tendency to influence, or be capable of affecting or influencing, a government function." *United States v. McGough,* 510 F.2d 598, 602 (5th Cir.1975). Defendant's false statement as to his name and identity is indisputably material to the agency's decisions whether to grant his passport application. The evidence presented by the government was sufficient to establish materiality.

Finally, there was no abuse of discretion in the trial court's admission of the Miami Fraud Examiner's testimony regarding investigative checks made with New York agencies. The court explicitly noted that her hearsay statements were admitted to show the basis of her opinion as an expert, and not for the truth of the assertions. Hearsay is admissible in such circumstances. See Fed.R.Evid. 703 (if the "facts or data in the particular case upon which an expert bases an opinion . . . [are] of a type reasonably relied upon by experts in the particular field in forming opinions . . . the facts or data need not be admissible"). Ms. Morgan testified that she relied on information from the New York Bureau of Vital Statistics and the New York State Department of Health in making her decision as to the authenticity of the birth certificate presented by the defendant. This information is of the type which would normally be relied upon by an expert in her field. Defendant's objection on this point is without merit.

AFFIRMED.