UNITED STATES of America, Plaintiff–Appellee,

v.

**Florencio SUAREZ–ROSARIO, Defendant–Appellant.**

No. 00–50373.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2001

Filed Jan. 29, 2001

---

Robert A. Garcia; San Diego, California, for the defendant-appellant.

Gregory A. Vega; United States Attorney; Audra S. Ibarra; Assistant United States Attorney (argued); and Michael G. Wheat; Assistant United States Attorney (on brief); San Diego, California, for the plaintiff-appellee.

Before: TROTT, THOMAS and BERZON, Circuit Judges.

THOMAS, Circuit Judge:

At issue in this appeal is whether proof of true identity is an essential element of the government's proof for a conviction pursuant to 18 U.S.C. § 1542 for using a passport obtained through the use of a false statement and making a false statement in an application for another passport. We conclude it is not and affirm the judgment of conviction.

## I

So, as a young Capulet agonized, what's in a name? Plenty, according to Florencio Suarez–Rosario, who would prefer us to know him as Benjamin Vasquez. Suarez–Rosario's present pseudonym predicament began in October 1999, when he sought entry into the United States at the crowded San Ysidro Port of Entry in California, where destiny comes to wait in line. There, he first drew appellation attention, not because of his own *nom de guerre*, but his companion's: she presented false identification to a customs officer. Upon questioning, she confessed that her true name was Trinidad Landeros Montiel, that she was married to the man she was accompanying, and that his name was Florencio Suarez–Rosario. Unfortunately, this representation was not consistent with the passport tendered by the defendant, which bore his likeness, but listed the name of Benjamin Vasquez. When questioned, Suarez–Rosario admitted to being married and having a daughter with Landeros. This was corroborated by the picture the defendant carried of a little girl, labeled Stefanny Suarez Landeros. Sensing a potential "borderline" personality disorder, the customs agent elected to confiscate defendant's passport. This did not deter Suarez–Rosario; within a month he had applied for a new passport under the name of Benjamin Vasquez Arriola. The birth certificate he used to apply for both passports identifies the resident born as Benjamin Armenta Vasquez.

Defendant was indicted on two counts under 18 U.S.C. § 1542 alleging that he (1) secured a passport through the use of a false statement and then presented that passport to gain entry into the United States and (2) made a false statement in an application for another passport. The indictment was not ambiguous: it listed Florencio Suarez–Rosario as the defendant.

Image and identity met at trial when the real Benjamin Vasquez, whose birth was indicated by the birth certificate that defendant had been using, testified, along with his mother and sister. Vasquez testi-fied that he had not filed the 1991 passport application, nor the 1999 passport application. The 1991 application listed Mr. Vasquez's parents as the applicant's parents. The 1999 version changed the last name of the mother from Armenta to Arriola, and stated that the applicant was married to Trinidad Landeros.

After the government rested its case, defendant made a Rule 29 motion for acquittal, arguing that the government had failed to prove that defendant was Florencio Suarez–Rosario. *See* Fed.R.Crim.P. 29. The district court ruled that the government was not required to prove beyond a reasonable doubt as an element of the charged offenses that defendant was, in fact, Florencio Suarez–Rosario. However, fearing an identity crisis, the court also offered to allow the government to reopen its case. Thereafter, the government recalled the customs agent who testified that Landeros told him the defendant was her husband, that she said his name was Florencio Suarez–Rosario, and that the defendant initially admitted to being the father of the little girl in the picture found in his wallet, which stated her name as Stefanny Suarez Landeros. After the government rested its case again, defendant made another unsuccessful Rule 29 motion. Compounding the cognomen confusion, the defendant produced three witnesses, who all testified they had known him as Benjamin Vasquez. In short, the defense theory mirrored the ruminations of longshoreman philosopher Eric Hoffer: "we are what other people say we are; we know ourselves chiefly by hearsay."

After resting, the defendant requested that the judge instruct the jury that the prosecution had to prove beyond a reasonable doubt that he was Florencio Suarez–Rosario. The judge rejected defendant's tendered instruction on the basis that it was not an element of either offense under § 1542. Eventually, this latter day version of "To Tell the Truth" ended when the jury rose to pronounce Suarez–Rosario

guilty. The defendant timely appealed his conviction.

## II

The district court correctly concluded that proof of true identity is not an element of a violation of 18 U.S.C. § 1542, which applies to:

[w]hoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or

[w]hoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement. . . .

18 U.S.C. § 1542.

This section was not enacted solely to criminalize the use of a false identity. Rather, "[t]he purpose of this act was to punish the use of passports obtained by false statements." *Browder v. United States*, 312 U.S. 335, 340, 61 S.Ct. 599, 85 L.Ed. 862 (1941). "The gravamen of the offense ... is the making of a false statement." *United States v. Cox*, 593 F.2d 46, 48 (6th Cir.1979). Thus, the "crime is complete when one makes a statement one knows is untrue to procure a passport." *United States v. O'Bryant*, 775 F.2d 1528, 1535 (11th Cir.1985). Knowing use of any false statement to secure a passport, including the use of a false name or birth date, constitutes a violation of § 1542. *Liss v. United States*, 915 F.2d 287, 293 (7th Cir.1990). Therefore, under the terms of 18 U.S.C. § 1542, the government must prove that the defendant made a willful and knowing false statement in an application for a passport or made a willful and knowing use of a passport secured by a false statement. Thus, whether Montague or Capulet, Suarez–Rosario or Vasquez, proof of true identity is not an element of a § 1542 crime. For the purposes of § 1542, it matters not who you are, but who you are not.

In sum, the district court correctly concluded that proof of true identity is not an element of either of the § 1542 crimes of (1) using a passport obtained through the use of a false statement or (2) making a false statement in an application for a passport. Neither the district court's denial of the Rule 29 motion, nor its submission of a jury instruction that omitted a true identity proof requirement, was erroneous.

Suarez–Rosario also argues that, because the government alleged his name in the indictment, it must prove his true name at trial. However, even assuming the indictment misstated the true name, an immaterial misidentification in an indictment is not grounds for reversal. *United States v. Everett*, 692 F.2d 596, 601 (9th Cir.1982).

## III

A district court is afforded wide discretion in determining whether to allow the government to reopen and introduce evidence after it has rested its case. *United States v. Woodring*, 444 F.2d 749, 751 (9th Cir.1971). One purpose of Rule 29 motions is to alert the court to omitted proof so that, if it so chooses, it can allow the government to submit additional evidence. *See United States v. Tisor*, 96 F.3d 370, 380 (9th Cir.1996) (discussing *United States v. Davis*, 583 F.2d 190, 195–96 (5th Cir.1978)). Here, the court was well within its discretion to allow the government to reopen its case to present evidence that defendant was indeed Suarez–Rosario.

**AFFIRMED.**