**UNITED STATES of America,**
Respondent–Appellee,

v.

**Esteban NERI–TREJO, Plaintiff–**
**Appellant.**

**No. 01–50094.**
**D.C. No. CR–98–00450–JNK.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 15, 2001.

Before KLEINFELD, McKEOWN and
FISHER, Circuit Judges.

MEMORANDUM **

Esteban Neri–Trejo appeals from the
district court's revocation of his supervised
release based upon a guilty plea to one
count of illegal re-entry in violation of 8
U.S.C. § 1326. We have jurisdiction pur-
suant to 28 U.S.C. § 1291, and we affirm.

▮ Neri–Trejo first contends that the
district court abused its discretion by

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

granting a continuance during his evidentiary hearing, and allowing the government to reopen its case and present further evidence of his identity. We review a district court's decision to allow a party to reopen its case for abuse of discretion. *United States v. Tisor*, 96 F.3d 370, 380 (9th Cir.1996) (stating that a district court is afforded wide discretion in determining whether to allow the government to reopen and introduce evidence after it has rested its case); *see also United States v. Woodring*, 444 F.2d 749, 751 (9th Cir.1971).

Because identity is not usually an issue in revocation proceedings, the court here was well within its discretion to allow the government to reopen its case to present evidence that defendant was the same man on supervised release in October 1998, and who pleaded guilty to a § 1326 violation in New Mexico in January 2000. *See United States v. Suarez–Rosario*, 237 F.3d 1164, 1167 (9th Cir.2001) (the district court is afforded wide discretion in determining whether to allow the government to reopen its case and introduce additional evidence after it has rested).

■ Neri–Trejo also contends that his right to due process was violated because the district court made its determination that his one-year period of supervised release began on October 28, 1999, on the basis of evidence allegedly admitted in violation of the Federal Rules of Evidence. This contention also lacks merit.

Generally, the rules of evidence do not apply in revocation proceedings. Fed. R Evid. 1101(d)(3); *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (stating that the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial). Where hearsay is used in a revocation proceeding, however, the court is obliged to consider the reliability of such evidence in making its decision. *See United States v. Martin*, 984 F.2d 308, 310 (9th Cir.1993).

The challenged evidence here consisted of photocopies of Bureau of Prisons documents pulled from a probation department file. The district court did not violate Neri–Trejo's due process rights by its consideration of the evidence. *See id.*

■ Finally, Neri–Trejo contends that his right to due process was violated because the district court based its determination that he was indeed the same defendant convicted in the District of New Mexico in January of 2000, on unreliable evidence.[1] This contention also lacks merit.

In order to succeed on a claim that his right to due process was violated, Neri–Trejo must show not only that the alleged errors occurred, but also that he was prejudiced by the errors. *Cf. Smith v. United States Parole Commission*, 875 F.2d 1361, 1368 (9th Cir.1988) (stating, in context of habeas proceeding, that party claiming error in parole revocation hearing must demonstrate prejudice). Because counsel, at minimum, referenced that Neri–Trejo was serving 80–months imprisonment for the January 2000 illegal reentry subsequent to deportation pursuant to a guilty plea, Neri–Trejo cannot prove that he was prejudiced by admission of the challenged evidence.

**AFFIRMED.**

---

1. The challenged evidence consisted of finger print exemplars, photo copies of Bureau of Prisons Documents, certified copies of Neri–Trejo's judgment and commitment orders, and correspondence between the district of New Mexico and So. District of California probation offices referencing Neri–Trejo's New Mexico guilty plea.