**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ellenrose Louise HART, Defendant–
Appellant.**

**No. 01–10220.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2002.*

Filed May 28, 2002.

Anthony P. Capozzi, Fresno, CA, for the defendant-appellant.

Sheila K. Oberto, Assistant United States Attorney, Fresno, CA, for the plaintiff-appellee.

Before RYMER, KLEINFELD and McKEOWN, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## OPINION

PER CURIAM.

■ This appeal presents the question whether materiality is an element of the crime of making a false statement in an application for a United States passport in violation of 18 U.S.C. § 1542. We have implicitly indicated that it is not, *see United States v. Suarez–Rosario*, 237 F.3d 1164, 1167(9th Cir.2001), and now explicitly hold that proof of materiality is not required for this "false statement" offense.

Ellenrose Hart appeals her conviction, following a jury trial, on one count of violating § 1542. She contends that the district court erred by failing to instruct the jury that materiality was an element.

Section 1542 criminalizes "willfully and knowingly mak[ing] any false statement in an application for passport with intent to induce or secure the issuance of a passport." The text makes no mention of materiality, nor has the phrase "false statement" accumulated settled meaning requiring proof of materiality under common law. Accordingly, as the Supreme Court has stated, the term "does not imply a materiality requirement." *Neder v. United States*, 527 U.S. 1, 23 n. 7, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (citing *United States v. Wells*, 519 U.S. 482, 491, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997)). The Eleventh Circuit, which is the only other circuit directly to address whether materiality is necessary for conviction under § 1542, has also held that it is not. *See United States v. Ramos*, 725 F.2d 1322, 1323 (11th Cir.1984). We join it now.

■ Hart's remaining argument, that there was insufficient evidence for a rational jury to find beyond a reasonable doubt that she violated § 1542, is unavailing. She falsely stated in her passport application that she had no social security number and had never been issued a United ed States passport. There was ample evidence that her false statements were made willingly and knowingly, as she had requested numerous changes of name on her social security card over the years and had used her United States passport to travel three times in 1997 and 1998. Finally, Hart followed up on the false application by calling the National Passport Information Center as well as two senators and a congressman, thereby manifesting her intent to secure issuance of the passport.

AFFIRMED.

KLEINFELD, Circuit Judge, concurring.

I agree with the views expressed by Justice Stevens in his dissent in *United States v. Wells.*[1] The statute before us is among those, which, at footnote 8, Justice Stevens thought implied a materiality requirement.[2] Those views, however, were expressed in a dissent, not a majority opinion. I do not see a principled way to distinguish the statute before us from the one construed in *Wells*, and under *Wells*, materiality is not an element. So I am compelled to conclude that because of *Wells*, the statute before us has no materiality element.

---

**1.** *United States v. Wells,* 519 U.S. 482, 500, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997) (Stevens, J., dissenting).

**2.** *Wells,* 519 U.S. at 505 n. 8, 117 S.Ct. 921 (Stevens, J., dissenting); *see also United States v. Gaudin,* 28 F.3d 943, 959–960, n. 4 (9th Cir.1994) (Kozinski, J., dissenting).