**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

LUIS DIAZ-LUEVANO,
*Defendant-Appellant.*

No. 05-50129

D.C. No.
CR-04-01371-DMS

OPINION

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 7, 2006*
Vacated March 1, 2006
Resubmitted July 11, 2007
Pasadena, California

Filed July 18, 2007

Before: Alex Kozinski, Stephen S. Trott, and Carlos T. Bea,
Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Marisa L. Dersey & Zandra L. Lopez, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Carol C. Lam, Roger W. Haines, Jr., Garrett M. Heenan & Mary D. Fan, United States Attorney, San Diego, California, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Appellant Luis Diaz-Luevano appeals his conviction and sentence for illegal reentry in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1] We clarify that our holding in *Morales-Izquierdo v. Gonzales*, 486 F.3d 484 (9th Cir. 2007) (en banc), does not overrule *United States v. Luna-Madellaga*, 315 F.3d 1224 (9th Cir. 2003). Prior physical removal remains one of the bases for sentence enhancement under 8 U.S.C. § 1326 and United States Sentencing Guideline ("U.S.S.G.") § 2L1.2.

I.

Appellant, a Mexican national entered the United States without permission. He was deported and taken out of this country for the first time in 1996. He then illegally returned to the United States a second time. Appellant's illegal presence came to immigration officials' attention in 1998 when he was convicted of assault with intent to commit felony rape, in violation of California Penal Code § 220. In 1999, an immigration officer reinstated Appellant's prior deportation order,

---

[1]The rest of Appellant's arguments, which are specific to his case, are disposed of in the accompanying memorandum disposition.

and in 2000, Appellant was fingerprinted, deported, and again taken out of this country.

Appellant was arrested in 2004 for illegally reentering the United States a third time. A jury found Appellant had illegally reentered the country after being removed a second time in 2000. Based on this finding, the jury convicted Appellant of being found in this country after being deported from it, in violation of 8 U.S.C. § 1326(a).

Section 1326(a) governs "any alien who has been . . . deported, or removed . . . and thereafter . . . is at any time found in, the United States." 8 U.S.C. § 1326(a). If the "removal was subsequent to a conviction for commission of an aggravated felony," the alien may be fined and imprisoned for up to twenty years. 8 U.S.C. § 1326(b)(2). Additionally, U.S.S.G. § 2L1.2 provides that if a defendant previously was deported, or unlawfully remained in the United States after a felony conviction that is a crime of violence, the judge may increase the defendant's sentence by 16 levels. U.S.S.G. § 2L1.2 (2004).

At the sentencing hearing the trial judge: (1) found the base offense level 8, under U.S.S.G. § 2L1.2 for Appellant's violation of 8 U.S.C. § 1326(a); (2) adjusted the sentence upward 16 levels pursuant to U.S.S.G. § 2L1.2 because Appellant's physical deportation in 2000 occurred after his 1998 conviction for California Penal Code § 220, assault with intent to commit felony rape; and (3) adjusted the sentence downward 2 levels for acceptance of responsibility. Based on the information in the Pre-Sentencing Report, this qualified Appellant for an offense level of 22, with a criminal history score of 11 and a criminal history category of V. The resulting Guidelines calculation, under the now advisory Sentencing Guidelines, was 77-96 months. The judge sentenced Appellant to 86 months' imprisonment and 3 years' supervised release. Appellant then appealed his conviction and sentence.

II.

Appellant claims the district court decision enhancing his sentence under 8 U.S.C. § 1326 and U.S.S.G. § 2L1.2 based on the reinstated deportation order[2] was an error because *Morales-Izquierdo* held that a reinstated removal order is not a species of removal. Appellant incorrectly asserts that *Morales-Izquierdo* rejected the analysis in *Luna-Madellaga.*

[1] What constitutes a "removal" affects the severity of criminal reentry penalties. The maximum sentence for illegal reentry increases significantly if the alien was previously removed after having been convicted of certain crimes. *See* 8 U.S.C. § 1326(b). A conviction for unlawfully entering or remaining in the United States will be enhanced "[i]f the defendant previously was deported, or unlawfully remained in the United States, after" a conviction for certain crimes. U.S.S.G. § 2L1.2(b)(1); *see also id.* § 2L1.2 n.1(A)(i) ("A defendant shall be considered to be deported after a conviction if the defendant has been removed or has departed the United States while an order of exclusion, deportation, or removal was outstanding.").

In *Morales-Izquierdo*, we held that reinstatement of a prior removal is "not a species of removal," but a separate procedure, and thus the agency is not required to provide a hearing before an immigration judge. *Morales-Izquierdo*, 486 F.3d at 490-91. Appellant argues this means that the reinstatement of a prior order of removal does not constitute a "removal" for criminal immigration purposes because it is not a species of

---

[2]*Morales-Izquierdo* also involved a reinstated deportation order. *Morales-Izquierdo*, 486 F.3d at 488 n.3. *Morales-Izquierdo*'s principle applies equally to reinstatements of deportation and removal orders. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") eliminated the previous legal distinction between deportation, removal, and exclusion, merging all of them into a broader category titled "removal." *See United States v. Lopez-Gonzales*, 183 F.3d 933, 934-35 (9th Cir. 1999).

removal. This is inaccurate. In *United States v. Luna-Madellaga*, 315 F.3d 1224 (9th Cir. 2003), we held that the alien's *physical* removal is what matters for purposes of criminal sanctions, regardless of the procedure employed; removals pursuant to reinstated orders of removal thus count for purposes of 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2:

> Section 1326 speaks only of "removal." All that the statute requires is that the alien reenter the United States illegally after having been removed subsequent to an aggravated felony conviction. It plainly turns on the alien's *physical* removal—not the *order* of removal. Similarly, the plain language of [8 U.S.C.] § 1231(a)(5) contemplates a second physical removal under a reinstated prior order. As it provides, a reentering alien "shall be removed under the prior order at any time after the reentry." Here, Luna-Madellaga was physically removed twice, once in 1995, and again in 1999. That the 1999 removal was accomplished by reinstatement of his 1995 removal order is of no consequence. Therefore, he is subject to the enhanced penalty prescribed by § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A).

*Id.* at 1226 (footnote omitted).[3]

**[2]** *Luna-Madellaga* held that what matters for criminal reentry purposes is the date of "the alien's *physical* removal—

---

[3]*Luna-Madellaga* involved a similar challenge. Luna-Madellaga was ordered removed in 1995, reentered illegally, was convicted of a felony crime of violence in 1996, and was removed again based on reinstatement of his original removal order. Luna-Madellaga returned, and was then convicted for unlawful re-entry of a deported alien in violation of 8 U.S.C. § 1326(a). The court affirmed a sentence enhanced for " 'removal [that] was subsequent to a conviction for commission of an aggravated felony,' where the removal that followed such a conviction was accomplished through reinstatement of a prior removal order pursuant to 8 U.S.C. § 1231(a)(5)." *Luna-Madellaga*, 315 F.3d at 1225.

not the *order* of removal." *Id. Morales-Izquierdo* does not deal with whether reinstatement of a removal order includes a physical removal, which it does. *Luna-Madellaga* is still good law.

**[3]** Sentence enhancement based on reinstated removal after a crime of violence is not contrary to *Morales-Izquierdo*'s statement that "[t]he reinstatement order imposes no civil or criminal penalties." *Morales-Izquierdo*, 486 F.3d at 498. It is the alien's illegal reentry that U.S.S.G. § 2L1.2 punishes him for—not the reinstatement. Accordingly, the district court correctly enhanced Appellant's sentence.

**AFFIRMED.**