**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus REYES–CEBALLOS,
Defendant–Appellant.**

No. 05–50828.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

Mary D. Fan, U.S. Attorney Office, John, for Plaintiff–Appellee.

---

Holly Sullivan, Esq., James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jesus Reyes–Ceballos appeals from his sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. The stay of this case is lifted because the mandate has issued in *United States v. Diaz–Luevano*, No. 05–50129, 494 F.3d. 1159, 2007 WL 2044256 (9th Cir. July 18, 2007). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reyes–Ceballos contends that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court was precluded from applying a four-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(D), because he did not admit the date of his removal and it was not proven to a jury beyond a reasonable doubt. We hold that any such error was harmless beyond a reasonable doubt. *See United States v. Zepeda–Martinez*, 470 F.3d 909, 913–14 (9th Cir.2006).

Reyes–Ceballos also contends that the district court's reliance on his 2004 reinstatement of removal order in applying the enhancement was improper. This contention is foreclosed by our case law. *See United States v. Luna–Madellaga*, 315 F.3d 1224, 1226 (9th Cir.2003); *see also United States v. Diaz–Luevano*, No. 05–50129, 494 F.3d. at 1162–63, 2007 WL 2044256 at *2–3.

Reyes–Ceballos further asserts that the district court erred by imposing a three-year term of supervised release because the statutory maximum for a violation of 8 U.S.C. § 1326 is two years. He contends that 8 U.S.C. § 1326(b) does not apply to increase the statutory maximum, absent a jury finding beyond a reasonable doubt, or an admission, of the prior conviction. We reject this contention. *See United States v. Martinez–Rodriguez*, 472 F.3d 1087, 1092–93 (9th Cir.2007) (rejecting the contention that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled).

Reyes–Ceballos also contends that his sentence should be vacated because 8 U.S.C. § 1326(b) is unconstitutional. This contention is foreclosed by our decision in *United States v. Maciel–Vasquez*, 458 F.3d 994, 995–96 (9th Cir.2006).

We deny appellant's motion for judicial notice pursuant to Fed.R.Evid. 201 as moot.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.