**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ruben MEDA–RODRIGUEZ,**
**Defendant–Appellant.**

**No. 05–50141.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 18, 2008.

U.S. Attorney, John R. Kraemer, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Zandra L. Lopez, Esq., San Diego, CA, for Defendant–Appellant.

---

* The Honorable Pasco M. Bowman, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Ruben Meda–Rodriguez appeals from his sentence of 63 months in prison and three years of supervised release following his conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Meda–Rodriguez contends that the district court erred by relying on an allegedly illegal deportation to increase his sentence pursuant to 8 U.S.C. § 1326(b). We disagree. *See United States v. Diaz–Luevano,* 494 F.3d 1159 (9th Cir.2007) (per curiam); *Morales–Izquierdo v. Gonzales,* 486 F.3d 484, 495–98 (9th Cir.2007) (en banc).

Meda–Rodriguez contends that the district court erred by making factual findings concerning the date of deportation in order to increase his sentence pursuant to 8 U.S.C. § 1326(b). We conclude that there was error, but that it was harmless. *See United States v. Zepeda–Martinez,* 470 F.3d 909, 913 (9th Cir.2006).

Meda–Rodriguez contends that it was error for the district court to increase the statutory maximum for Meda–Rodriguez's sentence because the indictment did not allege that he was previously deported subsequent to his prior conviction. We conclude that there was error, but that it was harmless. *See United States v. Salazar–Lopez,* 506 F.3d 748, 751–56 (9th Cir. 2007).

Meda–Rodriguez contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), effectively has been overruled. This contention is foreclosed. *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1096–97 (9th Cir.2006). Alternatively, Meda–Rodriguez contends that *Almendarez–Torres* is limited to challenges to the indictment where the defendant admits the prior conviction and subsequent deportation during a guilty plea. This argument also is foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006).

Finally, Meda–Rodriguez contends that § 1326(b) is unconstitutional on its face because it permits the district court to increase the statutory maximum sentence based on facts found by the judge and neither admitted by the defendant nor found by the jury. This contention also is foreclosed. *See Beng–Salazar,* 452 F.3d at 1091.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.