**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Francisco CANO–MATUS, Defendant— Appellant.**

**No. 07–50218.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed April 18, 2008.

Neville S. Hedley, Michelle M. Pettit, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Zandra L. Lopez, for Defendant–Appellant.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Francisco Cano–Matus ("Cano–Matus") appeals his conviction and sentence for illegal reentry into the United States. We have jurisdiction pursuant to 28 U.S.C.

---

* This disposition is not appropriate for publica-

§ 1291, and affirm. The parties are familiar with the facts and we do not recite them here.

■ Cano–Matus argues that the district court erred in allowing the government to reopen its case-in-chief. We review for abuse of discretion. *United States v. Suarez–Rosario,* 237 F.3d 1164, 1167 (9th Cir.2001). A district court is afforded wide discretion in determining whether to allow the government to reopen and introduce evidence after it has rested its case. *Id.* "One purpose of Rule 29 motions is to alert the court to omitted proof so that, if it so chooses, it can allow the government to submit additional evidence." *Id.* (internal citation omitted). Here, the district court determined that it had unfairly restrained the government from proving its case. The district court also found that defense counsel had not adhered to the terms of pre-trial stipulations, unfairly sandbagging the government. These findings are supported by the record. The district court did not abuse its discretion in allowing the government to reopen its case.

■ Cano–Matus argues that the district court violated Federal Rules of Evidence 404(b) and 403 by allowing the government to introduce evidence of multiple removals. We review for abuse of discretion. *United States v. Castillo,* 181 F.3d 1129, 1134 (9th Cir.1999). "Rule 404(b) does not exclude evidence forming an essential element of the charged crime." *United States v. Martinez–Rodriguez,* 472 F.3d 1087, 1091 (9th Cir.2007) (internal citation omitted). We have squarely stated that "[b]ecause proving that the defendant has been previously removed is an essential element of the government's case under § 1326, the district court did not abuse its discretion under Rule 404(b) in admitting evidence of prior deportations."

*Id.* Likewise, the district court did not abuse its discretion in this case in admitting multiple removals. Nor did the district court abuse its wide discretion under Rule 403. *See Borunda v. Richmond,* 885 F.2d 1384, 1388 (9th Cir.1988). The record clearly indicates that the district court properly employed its discretion in evaluating the relative probative value and prejudicial effect of the introduction of prior removals.

Cano–Matus argues that the district court improperly enhanced his sentence based on reinstatement of removal subsequent to a felony conviction. Cano–Matus concedes that we considered and rejected this argument in *United States v. Diaz–Luevano,* 494 F.3d 1159, 1161–62 (9th Cir. 2007). The district court correctly enhanced Cano–Matus' sentence.

**AFFIRMED.**

___

tion and is not precedent except as provided by 9th Cir. R. 36–3.