**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2561

UNITED STATES OF AMERICA

v.

JEFFREY BRUTEYN,
                    Appellant.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: Honorable Cynthia M. Rufe
(D.C. Criminal No. 2-08-cr-00170-001)

Submitted Under Third Circuit L.A.R. 34.1(a)
March 26, 2010.

Before: RENDELL and FUENTES, Circuit Judges, and KUGLER,[*] District Judge.

(Opinion Filed: April 12, 2010)

OPINION OF THE COURT

FUENTES, Circuit Judge:

---

[*] Honorable Robert B. Kugler, United States District Judge for the District of New Jersey, sitting by designation.

Jeffery Bruteyn appeals his conviction of willfully and knowingly making a false statement in a passport application in violation of 18 U.S.C. § 1542.[1] Bruteyn's appellate counsel, Charles E. Baruch, Esq., ("Counsel"), has moved to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has filed a supporting brief asserting that no nonfrivolous issues can be presented upon appeal. For the foregoing reasons, we will affirm Bruteyn's conviction and grant Counsel's motion to withdraw.[2]

I.

Because we write primarily for the parties, we discuss the facts and proceedings only to the extent necessary to resolve this case.

During the fall of 2007, Bruteyn was the subject of a federal criminal investigation in Texas. In conjunction with this investigation, Bruteyn's attorney turned over Bruteyn's passport to an Assistant United States Attorney. Weeks later in Philadelphia, Bruteyn applied for a new passport. On his passport application, Bruteyn indicated that he had lost his passport. Bruteyn then stated on an attachment to the application that the passport had been accidentally removed from his office with some old documents. A federal grand jury subsequently indicted Bruteyn for making a false statement in a passport application.

---

[1] This statute makes it unlawful for anyone to "willfully and knowingly make[] any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws." 18 U.S.C. § 1542.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Bruteyn's initial trial ended in a mistrial. Thereafter, Bruteyn was convicted in the Eastern District of Pennsylvania for willfully and knowingly making a false statement in a passport application in violation of 18 U.S.C. § 1542. The District Court sentenced Bruteyn to a term of thirteen months' imprisonment.

## II.

In *Anders v. California*, the Supreme Court held that where counsel "finds [an appeal] to be wholly frivolous, after a conscientious examination" of the record, he or she should "advise the court and request permission to withdraw." 386 U.S. at 744. Under our local rules, an attorney may move to withdraw representation where he or she is "persuaded that the appeal presents no issue of even arguable merit." L.A.R. 109.2 (a) (2008). This motion must be supported by an *Anders* brief which: (1) shows that counsel "thoroughly scoured the record in search of appealable issues"; and (2) "explain[s] why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). In evaluating an *Anders* motion, we determine whether counsel adequately fulfilled the rule's requirements and independently review the record for nonfrivolous issues. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). However, "[w]here the *Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself." *Id.* (quotation marks and citations omitted).

We have reviewed Counsel's *Anders* brief and conclude that he has adequately fulfilled the requirements of L.A.R. 109.2(a). Our independent review of the record also

3

reveals no nonfrivolous issues for appeal.  In his *Anders* brief, Counsel identifies several issues and explains why each issue is frivolous.  In addition to these issues, Bruteyn has submitted a *pro se* brief, in which he argues that he had ineffective trial counsel.  We review each of these issues in turn.

Counsel first recognizes that the indictment was sufficiently specific to give Bruteyn notice of the charges raised against him.  An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974).  Additionally, a sufficient indictment must enable the defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.*  Here, Bruteyn's indictment was legally sufficient because it clearly set forth the elements of 18 U.S.C. § 1542 and allowed him to properly plead without fear of double jeopardy.[3] Therefore, we agree with Counsel that any issue regarding the sufficiency of Bruteyn's indictment is frivolous.

---

[3] Bruteyn additionally contends that his indictment is insufficient because it is not signed by the grand jury foreperson.  We find this argument to be wholly frivolous. Although the Federal Rules of Criminal Procedure state that indictments are to be signed by the foreperson of the grand jury, *see* Fed. R. Crim. P. 6(c), the Supreme Court has indicated that this duty is a formality and that, absent reason to believe the defendant was prejudiced by the oversight, the absence of the foreperson's signature affords no basis for relief.  *See Hobby v. United States*, 468 U.S. 339, 345 (1984) (a "foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."); *see also Frisbie v. United States*, 157 U.S. 160, 163-64 (1895).

Next, Counsel maintains that the record does not reveal any adverse pre-trial ruling that would support a claim of reversible error. Counsel notes that the only District Court ruling that might involve reversible error concerned a motion in limine to limit the introduction of evidence regarding the Texas investigation during Bruteyn's trial. Despite this ruling, the prosecutor and two witnesses made passing references to the Texas investigation during the trial. The District Court, however, clearly instructed the jury as to the significance of these references, stating that the witnesses' testimony was to be used only for the limited purpose of establishing the relationship between the witnesses and the events at issue in the case. We presume that the jury followed these instructions. *See, e.g., United States v. Givan*, 320 F.3d 452, 462 (3d Cir. 2003) ("it is a basic tenet of our jurisprudence that a jury is presumed to have followed the instructions the court gave it."). Furthermore, we note that Bruteyn waived any objections by not objecting to the testimony or the instruction at trial. *See, e.g., Alexander v. Riga*, 208 F.3d 419, 426 (3d Cir. 2000) ("a party who has not challenged the trial court's jury instructions at an appropriate time is deemed to have waived such a challenge."). As a result, we find no appealable issues relating to the references to the Texas investigation.

Counsel also addresses whether the evidence presented was sufficient to convict Bruteyn. To sustain a conviction for violation of 18 U.S.C. § 1542, the government must prove beyond a reasonable doubt that the defendant knowingly and willfully made a false

statement on a passport application.[4]  In his informal *pro se* brief as well as his response to the Government's reply brief, Bruteyn maintains that the evidence is insufficient because he claims to have had no knowledge that his passport was given to federal authorities.  Nevertheless, at trial two witnesses testified that Bruteyn confessed to knowing that his passport was in the Government's possession, and the jury was free to credit this testimony.  Thus, we agree with Counsel that there are no appealable issues regarding the sufficiency of the evidence presented in Bruteyn's case.

Finally, in his informal *pro se* brief, Bruteyn alleges that he had ineffective trial counsel.  Bruteyn argues that his trial counsel was ineffective for a host of reasons, including that trial counsel failed to move for a change of venue, failed to call a number of witnesses, and did not argue that false statement Bruteyn made was on an attachment and not on the passport application itself.  Bruteyn's claims, however, are ultimately not reviewable on direct appeal, as the record is insufficient to adequately evaluate trial counsel's strategic decisions.  *See United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991).  Bruteyn's arguments concerning his trial counsel must be raised, if at all, collaterally, and not on direct appeal.  *See id.*

---

[4] Although we have not addressed this question directly, several other Circuits have held that § 1542 does not require that the alleged false statement be "materially false." *See United States v. Hasan*, 586 F.3d 161, 167 (2nd Cir. 2009) (holding that, unlike § 1001, § 1542 does not have a materiality requirement); *see also United States v. Ramos*, 725 F.2d 1322, 1323 (11th Cir. 1984) (same); *United States v. Salinas*, 373 F.3d 161, 167 (1st Cir. 2004) (same); *United States v. Hart*, 291 F.3d 1084, 1085 (9th Cir. 2002) (adopting the holding in *Ramos*).

III.

In light of the foregoing, we find that Counsel has adequately combed the record for appealable issues and has explained why these issues would be frivolous. Our independent review of the issues confirms that Bruteyn's appeal would have no arguable merit. Accordingly, we grant Counsel's motion to withdraw and affirm the District Court's judgment and sentence.