**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50074 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-01793-LAB-1 |
| v. | |
| JUAN MANUEL CASTRO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 8, 2017
Pasadena, California

Before: REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

1. The district court did not abuse its discretion by allowing the government

to reopen. *See United States v. McQuisten*, 795 F.2d 858, 863 (9th Cir. 1986). The

district court recognized that "reopening a case for the purpose of introducing

overlooked evidence must be done with extreme reluctance," *United States v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Hernandez-Meza*, 720 F.3d 760, 764 (9th Cir. 2013) (quoting *Eason v. United States*, 281 F.2d 818, 822 (9th Cir. 1960)), and a "judge has to give reasons for allowing the reopening" that are supported by the record.

The district court correctly found that this case is distinct from *Hernandez-Meza*. The district court allowed the government to reopen because the government relied on the court's potentially erroneous ruling on Castro's chain-of-custody objection. The timing weighed in favor of reopening because Castro had not yet indicated whether he intended to put on a defense. "One purpose of Rule 29 motions is to alert the court to omitted proof so that, if it so chooses, it can allow the government to submit additional evidence." *United States v. Suarez-Rosario*, 237 F.3d 1164, 1167 (9th Cir. 2001). Castro's Rule 29 motion served exactly this purpose.

2. Any Confrontation Clause error in admitting the custody receipt and DEA-7 form in this case was harmless beyond a reasonable doubt because there was sufficient evidence of the chain of custody without these documents. *See United States v. Bustamante*, 687 F.3d 1190, 1195 (9th Cir. 2012). In the government's initial case-in-chief, Customs and Border Protection Officer Olsen testified that his canine alerted to Castro's truck, and Officer Nacpil explained that he removed twenty bricks of suspected drugs, individually wrapped in plastic

2

tupperware containers, from the truck's seat. The government introduced photographs of the suspected drugs that Officer Nacpil took at the time of seizure. The photographs show the relative size and color of the tupperware containers and reveal that at least two of the containers had black writing on them.

Although Officer Nacpil did not testify about what he did with the suspected drugs after photographing them, Drug Enforcement Administration Forensic Chemist Tarin-Brousseau explained the procedures used to transport suspected drugs to the lab. Castro did not object when Tarin-Brousseau testified that she tested the drugs in his case. The government introduced photographs that Tarin-Brousseau took before conducting testing, which show tupperware containers of the same approximate size and color as those Officer Nacpil seized. The photographs also show that at least two of the bricks had black writing on them. Castro did not introduce any evidence contradicting Tarin-Brousseau's testimony or suggesting that any agents listed on the chain-of-custody forms actually mishandled the drugs.

3. Finally, the district court did not abuse its discretion by overruling Castro's hearsay objection to the custody receipt and DEA-7 form. Officer Nacpil's photographs documenting the seizure and Tarin-Brousseau's photographs documenting the appearance of the drugs before testing show strong physical

3

similarities.  Castro did not offer any evidence contradicting the chain of custody memorialized in the custody receipt and DEA-7 form.  Therefore, Castro did not meet his burden to show that the records are untrustworthy under Federal Rules of Evidence 803(6) and (8).  *See United States v. Fryberg*, 854 F.3d 1126, 1133 (9th Cir. 2017).

**AFFIRMED.**