**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-129 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00232-KML-1 |
| v. | MEMORANDUM[*] |
| BOB ANDY PRITCHARD, AKA Leighton Andy Garvy, AKA Jay BobDewise, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Krissa M. Lanham, District Judge, Presiding

Submitted March 4, 2026[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

Defendant, Bob Andy Pritchard ("Pritchard"), seeks to reverse a conviction

for making a false statement on a U.S. passport application. After a three-day trial,

the jury returned a guilty verdict, finding that Pritchard falsely submitted a birth

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affidavit sworn to by his "cousin," who was in reality a friend who was not yet alive when Pritchard was born. He now appeals, arguing that there was an omission of an element of the offense from the jury instruction and insufficient evidence for the jury to find him guilty. We disagree and affirm.

1.      The district court did not err in its jury instruction. We review the legal accuracy of a jury instruction de novo. *United States v. Knapp*, 120 F.3d 928, 930 (9th Cir. 1997). Pritchard's appeal centers on the U.S. Code section prohibiting false statements in passport applications, which imposes criminal penalties upon:

> Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws[.]

18 U.S.C. § 1542. Pritchard argues that the district court should have instructed the jury on a separate element reflecting the final "contrary to the laws" clause.

Our Court has already stated the elements of this offense. Analyzing § 1542, we have stated that "[t]he gravamen of the offense is the making of a false statement . . . the crime is complete when one makes a statement one knows is untrue to procure a passport." *United States v. Suarez-Rosario*, 237 F.3d 1164, 1167 (9th Cir. 2001) (citation modified). More recently, we reiterated that "[a] conviction under the first paragraph of § 1542 requires only that, in applying for a passport, the defendant made a statement that the defendant knew to be untrue." *United States v.*

*Aifang Ye*, 808 F.3d 395, 399 (9th Cir. 2015). Therefore, the district court did not err—the final clause is not a separate element.

As for Pritchard's argument that this interpretation renders the "contrary to the laws" clause mere surplusage, the Fifth Circuit has addressed the argument, and interpreted the phrase to mean that "if a passport were issued for an applicant that made any false statement on the application, that passport would be contrary to the laws and rules regulating passports." *See United States v. Najera Jimenez*, 593 F.3d 391, 399 (5th Cir. 2010). The Fifth Circuit's interpretation aligns with our Court's prior rulings limiting the elements of the offense. *See Suarez-Rosario*, 237 F.3d at 1167; *see also Aifang Ye*, 808 F.3d at 399.

The district court's interpretation is also supported by the rule of the last antecedent, under which, "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Lockhart v. United States*, 577 U.S. 347, 351 (2016) (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)). Here, the application of this canon of statutory interpretation is slightly complicated by the clause "either for his own use or the use of another," which interrupts the sentence immediately before the modifier. But applying the rule, the statute should be read as prohibiting "the issuance of a passport . . . contrary to the laws" rather than "a false statement . . . contrary to the laws . . . ." *See United States*

*v. Nader*, 542 F.3d 713, 717 (9th Cir. 2008) (modifying phrases should be close to the words they modify).

Finally, Pritchard's arguments on materiality also fail because there is no materiality requirement under § 1542. *United States v. Hart*, 291 F.3d 1084, 1085 (9th Cir. 2002).

2.    The evidence presented at trial was sufficient to sustain a conviction. We review the sufficiency of the evidence by analyzing whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The government presented sufficient evidence for a reasonable jury to find the essential elements of the crime beyond a reasonable doubt. The jury reviewed evidence that Pritchard stated on his passport application that his friend was his "cousin." The jury also heard testimony that the friend was not Pritchard's actual cousin. And the jury even heard Pritchard admit that he understood that his friend was not his blood-related cousin. Therefore, viewing the evidence "in the light most favorable to the prosecution," *id.* at 319, a reasonable jury could have found beyond a reasonable doubt that Pritchard willfully and knowingly made a false statement to procure a U.S. passport.

**AFFIRMED.**